UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YOEL KISS,

                             Plaintiff,

    v.

CHASE BANK USA, N.A; EXPERIAN;
EQUIFAX; TRANSUNION,

                             Defendants.[1]

No. 17-CV-7858 (KMK)

OPINION & ORDER

Appearances:

Edward B. Geller, Esq.
Bronx, NY
*Counsel for Plaintiff*

Christopher B. Turcotte, Esq.
The Law Office of Christopher B. Turcotte, P.C.
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Plaintiff Yoel Kiss ("Plaintiff") brings this Action against Chase Bank USA, N.A. ("Chase Bank"), Experian, Equifax, and Transunion (collectively "Defendants") for violations of various provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (*See generally* Compl. (Dkt. No. 1).) Before the Court is Defendant Chase Bank's Motion To Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Not. of Mot. To Dismiss (Dkt. No. 22).) For the reasons that follow, Chase Bank's Motion is granted.

---

      [1] Defendant Chase Bank USA, N.A. is incorrectly named as J.P. Morgan Chase Bank in the case caption. The Clerk of Court is instructed to update the case caption to reflect the proper name.

I. Background

A. Factual Background

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motion.

On an unspecified date, Defendant Chase Bank "began efforts to collect an alleged consumer debt from . . . Plaintiff." (Compl. ¶ 10.) Chase Bank did so through a "campaign of communications" with Plaintiff and by reporting an account attributed to Plaintiff to Experian, Equifax, and Transunion, all of which are national credit bureaus. (*Id.* ¶ 11.) Plaintiff wrote to Experian, Equifax, and TransUnion on July 7, 2016 to inform them of inaccuracies in his credit report—specifically, inaccuracies in his account with Chase Bank. (*Id.* ¶ 12.) Experian, Equifax, and TransUnion did not correct Plaintiff's credit report, but rather updated the account as "disputed." (*Id.* ¶ 13.) Plaintiff next wrote to Chase Bank on August 10, 2016. (*Id.* at ¶ 14.) In his correspondence to Chase Bank, Plaintiff requested "an investigation into the supporting documentation concerning th[e] account," as well as copies of that supporting documentation, if any. (*Id.* (internal quotation marks omitted).) Chase Bank did not respond to this letter. (*Id.* at ¶ 15.)

On September 29, 2016, Plaintiff again wrote to Experian, Equifax, and TransUnion requesting the same corrections. (*Id.* ¶ 16.) Plaintiff also informed Chase Bank of this correspondence. (*Id.*) Plaintiff heard nothing from Chase Bank. (*Id.*) To date, the alleged error has not been rectified and Plaintiff alleges that Defendants have failed to "conduct a reasonable reinvestigation into the underlying documents." (*Id.* ¶ 17.) Accordingly, Plaintiff alleges that all Defendants have violated his rights under the FCRA; specifically, Plaintiff alleges violations of 15 U.S.C. §§ 1681e(b), 1681i(a)(1), 1681i(a)(4), 1681i(a)(5)(A). (*Id.* ¶¶ 18–29.)

2

B.  Procedural History

On August 16, 2017, Plaintiff filed his Complaint against all Defendants in the Supreme Court of New York, County of Rockland.  (*See* Compl. (Dkt. No. 1).)  On October 13, 2017, Defendant TransUnion filed a Notice of Removal from the Supreme Court of New York, County of Rockland.  (*See* Not. Of Removal (Dkt. No. 1).)  Thereafter, on October 30, 2017, Defendant TransUnion filed its Answer.  (*See* TransUnion Answer (Dkt. No. 9).)  Defendant Equifax filed its Answer on November 1, 2017.  (*See* Equifax Answer (Dkt. No. 11).)  Defendant Experian filed its Answer on December 14, 2017.  (*See* Experian Answer (Dkt. No. 20).)

Meanwhile, on November 14, 2017, Defendant Chase Bank filed a pre-motion letter seeking to file a Motion To Dismiss.  (*See* Letter from Christopher B. Turcotte, Esq., to Court (Nov. 14, 2017) (Dkt. No. 15).)  The Court instructed Plaintiff to respond by December 4, 2017, (*see* Order (Dkt. No. 18)), but Plaintiff failed to do so.  On December 19, 2017, the Court set a briefing schedule for Chase's Motion To Dismiss.  (Order (Dkt. No. 21).)  Defendant thereafter filed its Motion and accompanying papers on January 26, 2018.  (*See* Dkt. Nos. 22–24.)  On February 26, 2018, Plaintiff wrote to the Court requesting an extension of time to file a response to the Motion, (*see* Letter from Edward B. Geller, Esq., to Court (Feb. 26, 2018) (Dkt. No. 26)), which the Court granted, (*see* Order (Dkt. No. 27)).  However, On March 23, 2018, the Court received a letter from Chase Bank stating that, on March 12, 2018, "Plaintiff's counsel advised [Chase Bank] that Plaintiff would not be filing an opposition to Chase [Bank]'s [M]otion," (Letter from Christopher B. Turcotte, Esq., to Court (Mar. 23, 2018) (Dkt. No. 28)), and the Court deemed the Motion fully briefed, (Order (Dkt. No. 29)).

II. Discussion

A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but

it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Chase Bank's Motion To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  <u>Analysis</u>

Plaintiff's Complaint alleges that all four Defendants: (1) "violated . . . Plaintiff's rights under 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files Defendants published and maintained," (Compl. ¶ 19); (2) "violated 15 U.S.C. § 1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from . . . Plaintiff's credit files within the allotted 30 day time frame," (*id.* ¶ 22); (3) "violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information purportedly submitted by [Chase Bank]," (*id.* ¶ 25); and (4) "violated 15 U.S.C.

5

§ 168[1]i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation," (*id.* ¶ 28).

Yet, as Chase Bank notes in its Motion, all four of these sections apply exclusively to credit reporting agencies, and not to creditors such as Chase Bank. (*See* Def.'s Mem. of Law in Supp. of Mot. To Dismiss ("Def.'s Mem.") 5–7 (Dkt. No. 23).) First, 15 U.S.C. § 1681e(b) states that "a *consumer reporting agency* . . . shall follow reasonable procedures to assure maximum possible accuracy" of a consumer report. *Id.* (emphasis added). Second, 15 U.S.C. § 1681i(a)(1)(A) discusses the reinvestigation obligations of a "consumer reporting agency." Specifically, § 1681i(a)(1)(A) provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency . . . of such dispute, *the agency shall*, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer . . . .

*Id.* (emphasis added). Third, 15 U.S.C. § 1681i(a)(4) mandates that a "*consumer reporting agency* shall review and consider all relevant information submitted by the consumer," when conducting a reinvestigation pursuant to § 1681i(a)(1)(A). 15 U.S.C. § 1681i(a)(4) (emphasis added). The fourth and final section of the FCRA at issue, 15 U.S.C. § 1681i(a)(5)(A), states that, if a reinvestigation results in a finding that the disputed information is:

> inaccurate or incomplete or cannot be verified, *the consumer reporting agency shall*—
>
> > (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

6

> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

*Id.* (emphasis added).

Plaintiff's Complaint is clear that *only* Experian, TransUnion, and Equifax are "credit[] reporting agenc[ies] as defined under . . . the FCRA," (*id.* ¶ 8 (internal quotation marks omitted)), and that *only* Experian, TransUnion, and Equifax "are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in [the FCRA,] to third parties," (*id.* ¶ 7). By contrast, Chase Bank, described in the Complaint only as a "corporation," (*id.* ¶ 3), is a *furnisher* of credit information, *see* 16 C.F.R. § 660.2 (defining a "furnisher" as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report"), as the Complaint alleges that Plaintiff's dispute with Defendants stems from what he alleges is inaccurate information in a Chase Bank account that was *furnished* by Chase Bank to Experian, TransUnion, and/or Equifax, (*see* Compl. ¶¶ 10–12).

There are provisions of the FCRA that *do* apply to the furnishers of credit information, such as Chase Bank. *See Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (per curiam) (noting that 15 U.S.C. §§ 1681s–2(a) obligates furnishers of credit information to "refrain from knowingly reporting inaccurate information, and to correct any information they later discover to be inaccurate" (citations omitted)); *id.* at 150–51 (stating that "[c]onsumers have the right to dispute any information reported to a credit reporting agency," and that "[i]f a dispute is filed with the agency . . . the furnisher of that information ha[s] a duty to reasonably investigate and verify that the information is accurate" (citations omitted)); *Munroe v. Nationstar Mortg. LLC*, 207 F. Supp. 3d 232, 236 (E.D.N.Y. 2016) ("Sections 1681s-2(a) and (b) of the FCRA impose certain duties and obligations upon those who furnish information to consumer

7

credit agencies. Those obligations include the duties to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer." (citation omitted)). Plaintiff may have sought for Chase Bank to either correct inaccurate information or conduct an investigation, actions which Chase Bank may have been obligated to undertake pursuant to 15 U.S.C. § 1681s–2(a) and (b). However, Plaintiff's Complaint is bereft of any mention of § 1681s–2(a) or (b), as Plaintiff's causes of action arise exclusively under §§ 1681e(b), 1681i(a)(1), 1681i(a)(4), 1681i(a)(5)(A). (*See* Compl. ¶¶ 18–29.)

Even if Plaintiff, who is represented by counsel, intended to bring a claim under § 1681s–2(a), the Second Circuit has determined that "there is no private right of action for violations of § 1681s–2(a)." *Longman*, 702 F.3d at 151; *see also Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 445 (2d Cir. 2015) (stating that violations of 15 U.S.C. § 1681s–2(a), including the provision that "prohibit[s] a furnisher from reporting inaccurate information to a consumer report agency," are "not enforceable by means of a federal or state cause of action for damages"). In fact, the statute explicitly provides that § 1681s–2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d); *see also Longman*, 702 F.3d at 151 ("[T]he statute plainly restricts enforcement of [§ 1681s–2(a)] to federal and state authorities.").

While there is a private cause of action for a furnisher's failure to investigate a credit dispute, *see Munroe*, 207 F. Supp. 3d at 237–38, Plaintiff has failed to plead any such claim here. Again, Plaintiff fails to mention § 1681s–2(b) in his Complaint and brings no cause of action under that section of the FCRA. (*See generally* Compl.) Nor does Plaintiff allege that Chase Bank "received notice of a credit dispute from a consumer reporting agency," as is required to

8

state a claim. *Munroe*, 207 F. Supp. 3d at 238 ("To state a claim under section 1681s–2(b) of the statute, a plaintiff must allege that a furnisher received notice of a credit dispute from a consumer reporting agency."); *see also Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 344 (E.D.N.Y. 2012) ("[The] [p]laintiff's only claim can be pursuant to Section 1681s–2(b). . . . [S]uch a claim is stated only when [the] [p]laintiff can show that the furnisher received information regarding a consumer's credit directly from a credit reporting agency, and not only from the consumer."); *Dickman v. Verizon Commc'ns, Inc.,* 867 F. Supp. 2d 166, 172–74 (E.D.N.Y. 2012) ("[U]nder § 1681s–2(b), a defendant has no duty to investigate a credit dispute unless [the] defendant received notice of the dispute from a consumer reporting agency." (alterations and internal quotation marks omitted)); *Kane v. Guar. Residential Lending, Inc.,* No. 04-CV-4847, 2005 WL 1153623, at *4 (E.D.N.Y. May 16, 2005) ("[T]he duty to investigate in Subsection (b) is triggered only after a furnisher of information receives notice from a credit reporting agency of a consumer's dispute." (italics omitted)). Plaintiff only alleges that he wrote to Chase Bank requesting an investigation, (*see* Compl. ¶ 14), but does not once allege, even on information and belief, that Chase Bank received notice from Equifax, Experian, TransUnion, or any other credit reporting agency. Thus, there is no basis to even construe Plaintiff's Complaint to state a claim under § 1681s–2(b). *See Algende v. Bay Ridge Fed. Credit Union*, No. 14-CV-2518, 2015 WL 1014217, at *3 (E.D.N.Y. Mar. 9, 2015) (dismissing an FCRA claim because, while the plaintiff alleged that "he alerted Experian credit reporting agency," he failed to allege that "Experian informed [the] [d]efendant of the dispute as is required to trigger [the] [d]efendant's duties under the FCRA" (alterations omitted)); *Neblett v. Chase Bank*, No. 09–CV–10574, 2010 WL 3766762, at *5 (S.D.N.Y. Sept. 27, 2010) (finding that the plaintiff had not

9

stated a claim under § 1681s–2(b) because the plaintiff had "not alleged that a credit reporting agency notified Chase Bank of a dispute over the reporting of [the plaintiff's] credit").

Accordingly, because 15 U.S.C. §§ 1681e(b), 1681i(a)(1), 1681i(a)(4), 1681i(a)(5)(A) have no application to Chase Bank, and because Plaintiff has failed to plead any claim under § 1681s–2(b), Chase Bank's Motion is granted.

### III. Conclusion

For the reasons stated above, Chase Bank's Motion To Dismiss is granted. This Opinion does not impact Plaintiff's outstanding claims against the remaining Defendants. Moreover, because this is the first adjudication of Plaintiff's claims on the merits, the dismissal is without prejudice. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within 30 days of the date of this Opinion. Plaintiff should include within that amended complaint any changes to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider. Plaintiff is advised that the amended complaint will replace, not supplement, the original complaint. The amended complaint must contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider, including those against Defendants who have not joined in this Motion To Dismiss. If Plaintiff fails to abide by the 30-day deadline, his claims against Chase Bank may be dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 22.)

SO ORDERED.

DATED: July 3, 2018
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE